IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Viral DRM, LLC, | § § § |
| Plaintiff, | § Case No: § |
| v. | § **COMPLAINT** § |
| DTX Media Group, LLC, | § DEMAND FOR JURY TRIAL § |
| Defendant. | § § § |

Plaintiff Viral DRM, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant DTX Media Group, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates videos and owns the rights to these videos which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates website known as www.dallastexastv.com (the "*Website*").

4. Defendant owns and operates a social media account on Facebook named as "@DallasTexasTV" (the "*Account*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's video on the Website and the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Viral DRM, LLC is an Alabama limited liability company with a principal place of business in Childersburg, Alabama.

7. Upon information and belief, defendant DTX Media Group, LLC, is a Texas limited

1

liability company with a mailing address at PO Box 414, Rowlett in Dallas County, Texas and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over DTX Media Group, LLC because it maintains its principal place of business in Texas.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because DTX Media Group, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the legal and rightful owner of videos which Plaintiff licenses to online and print publications.

12. Plaintiff's videos are original, creative works in which Plaintiff's own protectable copyright interests.

13. DTX Media Group, LLC is the registered owner of the Website and the Account and is responsible for their content.

14. DTX Media Group, LLC is the operator of the Website and the Account and is responsible for their content.

15. The Website and the Account are part of Defendant's popular and lucrative commercial enterprise.

16. The Website is monetized in that it contains paid advertisements and sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

17. The Account is monetized in that it promotes traffic to Defendant's Website and, upon information and belief, Defendant profits from these activities.

18. On March 21, 2022, Ronald Emfinger authored a video of a tornado hitting a red

pickup truck (the "*Video*"). A copy of a still image from the Video is attached hereto as Exhibit 1.

19. Plaintiff subsequently acquired the rights of the Video by way of a valid transfer agreement.

20. Plaintiff acquired the rights to the Video for purposes of commercially licensing the Video.

21. The Video was registered by the USCO on April 22, 2022, under Registration No. PA 2-354-516.

22. On April 18, 2022, Plaintiff first observed a still image from the Video and a copy of the video on the Website in a story dated March 25, 2022, along with the Video being posted on the Account in a post dated March 21, 2022. Copies of the screengrabs of the Website and the Account including the Video are attached hereto as Exhibit 2.

23. The Video was displayed at URLs: https://dallastexastv.com/2022/03/25/we-have-video-aftermath-of-the-red-truck-that-was-caught-in-a-texas-twister/ and at https://www.facebook.com/watch/?v=651797509458411.

24. The still image from the Video was stored at URL: https://i0.wp.com/dallastexastv.com/wp-content/uploads/2022/03/IMG_6305-2.jpg?resize=400%2C250&ssl=1.

25. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Video as is set forth in Exhibit "1" on the Website and the Account.

26. Upon information and belief, the Video was copied, stored, and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter collectively as the "*Infringements*" and singularly as the "*Infringement*").

27. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th

Cir. 2007).

28. Each Infringement contains a copy of Plaintiff's original video that was directly copied and stored by Defendant on the Website and the Account.

29. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website and the Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying videos including but not limited to Plaintiff's Video.

30. Upon information and belief, the Video was willfully and volitionally posted to the Website and the Account by Defendant.

31. Upon information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

32. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

33. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and the Account and exercised and/or had the right and ability to exercise such right.

34. Upon information and belief, Defendant monitors the content on its Website and the Account.

35. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

36. Upon information and belief, the Infringements increased traffic to the Website and the Account and, in turn, caused Defendant to realize an increase in its advertising revenues.

37. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Website and the Account.

38. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

39. Defendant's use of the Video has harmed Plaintiff's the actual market for the Video.

40. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market

for the Video.

41. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

42. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

44. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

46. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

47. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article and post on the Website and the Account.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

49. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

50. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

51. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e. for pre judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: November 3, 2023

                                              **SANDERS LAW GROUP**

                                              By:   */s/ Craig B. Sanders*
                                              Craig B. Sanders, Esq.
                                              100 Garden City Plaza, Suite 500
                                              Garden City, NY 11530
                                              Tel: (516) 203-7600
                                              Email: csanders@sanderslaw.group
                                              File No.: 126064

                                              *Attorneys for Plaintiff*