UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIRAL DRM, LLC, | § | |
|  *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-02447-X |
| | § | |
| DTX MEDIA GROUP, LLC, | § | |
|  *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff VIRAL DRM, LLC ("VIRAL") sued DTX Media Group, LLC ("DTX") for alleged copyright infringement. Having already obtained the clerk's default on liability, VIRAL now seeks a default judgment against DTX that includes a damages award and attorney's fees. For the reasons below, the Court **GRANTS** the motion for default judgment and enters judgment in favor of VIRAL.

### I. Background

VIRAL contracts with professional videographers and has built a video portfolio consisting primarily of footage of encounters with tornadoes and dangerous storms. DTX owns and operates a commercial website and social media account. VIRAL acquired the rights to a video depicting a tornado hitting a red pickup truck and registered the video on April 22, 2022. On or about March 25, 2022, DTX displayed the video on its website and social media account without licensing the video from VIRAL or obtaining permission or consent to publish the video. VIRAL asserts one count of copyright infringement arising from the unauthorized display of the video on DTX's account. When DTX failed to retain licensed counsel to appear

and defend this action, VIRAL obtained a clerk's default and moved for default judgment.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice;

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

(3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

### III. Application

The Court deems the facts on liability to be admitted and finds DTX not to be incompetent or a minor. While Rule 55 allows for hearings, it does not command them. VIRAL's motion is supported by a declaration. As a result, a ruling without a hearing is proper.

#### A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors. First, there are no material facts in dispute because DTX has failed to appear or otherwise defend the action. Second, DTX's failure to defend the action has brought adversarial proceedings to a halt and thus has prejudiced VIRAL. Third, default is proper due to DTX's failure to appear via licensed counsel to defend this action. Fourth, DTX has not offered any evidence that it is acting under a good faith mistake or excusable neglect. Fifth, nothing suggests that it would be too harsh to enter default judgment against DTX, who received ample notice of the action and sufficient time to respond. The sixth factor is whether the Court would grant a motion to set aside the default. DTX's lack

---

[3] *Id.*

[4] *Nishimatsu Constr. Co., Ltd. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

of defense indicates a lack of good cause for the Court to set aside the default judgment. Thus, the Court concludes a default judgment is appropriate under these circumstances.

### B. Sufficiency of VIRAL's Infringement Claim

Next, the Court must assess the merits of VIRAL's infringement claim. Although DTX, by virtue of its default, is deemed to have admitted VIRAL's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[5]

Under 17 U.S.C. § 501(a), to state a claim for copyright infringement, a plaintiff must establish: (1) that the subject work is original and that the plaintiff is the owner or author of the work; (2) compliance with all formalities required to secure a copyright under Title 17; (3) that the plaintiff is the proprietor of the copyright of the video involved in this action; (4) that the work was displayed publicly; and (5) that the defendant did not received permission from the plaintiff to use the work.[6]

VIRAL alleges that DTX is liable for copyright infringement based on DTX's reproduction of the video and display of the video on DTX's website and social media account.[7] VIRAL pled and proved by competent evidence that it owns the copyright for the original video.[8] VIRAL complied with all formalities required to secure a copyright under Title 17. Copyright registration certificates serve as prima facie

---

[5] *Nishimatsu*, 515 F.2d at 1206.

[6] *Neutral Gray Music et al. v. Tri-City Funding & Mgmt. LLC*, No. 4:19-CV-04230, 2021 WL 1521592, *4 (S.D. Tex., Mar. 30, 2021).

[7] Doc. 17-3 at 4.

[8] Doc. 17-6 at 2.

evidence of the first three elements of the infringement claim.[9] The video was publicly displayed for commercial purposes.[10] And VIRAL alleges that DTX was not authorized to use the video. Accordingly, VIRAL has alleged and proved all required elements under 17 U.S.C. § 501(a).

### C. Damages

VIRAL's complaint and motion show it is entitled to $30,000.00 in statutory damages for copyright infringement, $1,275.00 in attorney's fees, and $482.00 in costs.

The Copyright Act provides district courts wide discretion when awarding damages in a copyright case.[11] As authorized by 17 U.S.C. § 504(c)(1), the Court may award statutory damages of "not less than $750 or more than $30,000 as the court considers just" for each infringed work.[12] "Ultimately, statutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct."[13] This Court has a duty under the relevant case law to put Defendants "on notice that it costs less to obey the copyright laws than to violate them."[14] The Court has previously found awards of statutory damages in the amount

---

[9] 17 U.S.C. § 410(c). *See Gen. Universal Sys., Inc. v. Lee*, 379 F. 3d 131, 141 (5th Cir. 2004) (per curiam) ("A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright.").

[10] Doc. 17-1 at 6.

[11] *Mouse On Tha Track LLC v. Parg Mgmt. LLC*, 2019 WL 6970946, at *7 (N.D. Tex. Nov. 13, 2019).

[12] *Bee Creek Photography v. TexasRealFood, Inc.*, 2024 WL 3100762, at *3 (W.D. Tex. June 6, 2024).

[13] *Future World Elecs., LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *4 (N.D. Tex. Nov. 5, 2013) (Boyle, J.) (cleaned up).

[14] *EMI April Music Inc. v Jet Rumeurs, Inc.*, 632 F.Supp.2d 619, 628 (N.D. Tex. Dec. 5, 2008)

of $30,000 reasonable for copyright infringements.[15] DTX did not file a response contesting the amount of damages requested by VIRAL.

The Copyright Act provides that a court may award costs and reasonable attorneys' fees to a prevailing party.[16] The Court uses the lodestar method to determine the reasonableness of the requested attorney's fees. VIRAL submits a supporting declaration showing hourly rates of $750 for Craig Sanders' prosecution of copyright infringement matters. The Court finds these hourly rates to be reasonable and customary in this area for this type of work. VIRAL's counsel billed for 1.7 hours of work.[17] The Court has reviewed the itemized invoice to ensure the attorney exercised billing judgment. The Court sees no basis under the *Johnson* factors to depart from the lodestar, and VIRAL asks for none.[18]

17 U.S.C. § 505 allows the prevailing party to recover its "full costs" incurred in protection of its copyright. VIRAL is thus entitled to $482.00 for costs of Court, consisting of the $402 court filing fee and $80 service fee.

Finally, Flex is entitled to post-judgment interest as allowed by law.[19]

---

(Lynn, J.).

[15] *See Stokes v. TMM Corp.*, 2022 WL 16577862 (N.D. Tex. Nov. 1, 2022) (Starr, J.); *see also Carmel Capital, LLC v. Nu Home Source Realty LLC*, 2019 WL 13491383 (N.D. Tex. Dec. 17, 2019) (O'Connor, J.).

[16] 17 U.S.C. § 505.

[17] Doc. 17-2 at 8.

[18] *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th. Cir. 1974).

[19] *See* 18 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."). The 1-year average Treasury yield on January 2nd, 2026 was 3.48%. *See* Selected Interest Rates (Daily) - H.15, Board of Governors of the Federal Reserve System, May 31, 2024, *at*

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** VIRAL's motion for default judgment against DTX. The Court awards VIRAL $30,000 in damages for infringement, attorney's fees of $1,875, costs of $482, and post-judgment interest of 3.48%. This is a final judgment. All other relief not expressly granted is denied.

**IT IS SO ORDERED** this 9th day of January 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

https://www.federalreserve.gov/releases/h15/.